UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA M. GRAULAU,

    Plaintiff,

v.                                                  Case No:   6:15-cv-446-Orl-18TBS

MID FLORIDA FINANCING, OK CARZ
LLC, AIRPORT CHRYSLER DODGE
JEEP DEALER, EQUIFAX and TRANS
UNION,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Motions for Leave to Proceed *in forma pauperis*. (Docs. 3, 8).  On March 25, 2015 and April 2, 2015, I (a) advised Plaintiff that she had failed to state a cause of action under the Fair Credit Reporting Act ("FCRA"), (b) delayed ruling on her *in forma pauperis* motion, and (c) instructed her to amend her complaint to correct the deficiencies outlined in my order before April 15, 2015. (Docs. 6 and 10).

### Background

Plaintiff filed an amended complaint on April 10, 2015, in which she alleges that between October 31, 2012 and November 14, 2013, she entered into three finance agreements with Defendant Airport Chrysler Dodge Jeep Dealer (Doc. 11 at 1-2).  She alleges that Mid Florida Financing reported that she was thirty (30), sixty (60), and one hundred and twenty (120) days late on her credit report even though she never paid more than thirty (30) days late on any of the contracts (Id. at 2).  Plaintiff initiated a dispute with the credit bureau Defendants in an effort to get them to correct the inaccurate information,

but they simply deleted, and then reinserted, some of the information (Id.). She alleges that Mid Florida Financing and Airport Chrysler Dodge then reported additional negative information to the credit bureaus (Id.). Plaintiff complains that by virtue of these actions, all Defendants violated the FCRA, 15 U.S.C. § 1681 et seq.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review her complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794,

- 2 -

795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.  FED. R. CIV. P. 8(a).  The plaintiff must allege her claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.  FED. R. CIV. P. 10.  Relevant facts should be segregated to each of their respective claims.  See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief.  See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

As a threshold matter, Plaintiff failed to attach her exhibits to her amended complaint.  I recommend that the district judge dismiss the amended complaint with instructions that Plaintiff attach the exhibits she relies upon to any future amended pleading.

Next, although OK Carz LLC is named in the caption, there are no averments against this Defendant.  Therefore, I recommend that the district judge dismiss this Defendant from the action.

Plaintiff fails to allege how Mid Florida Financing is connected to the three financing transactions between her and Airport Chrysler Dodge.  The exhibits to her original complaint include copies of receipts identifying Mid Florida Financing as the payee but the complaint should be amended to allege how this Defendant became involved in these transactions.

"The purpose of FCRA is to ensure accuracy and fairness of credit reporting." Pinson v. Wagner & Hunt, No. 12-81158-CIV, 2013 WL 2158432, at *2 (S.D. Fla. May 17, 2013).   Plaintiff alleges Defendants violated the following sections of the statute:

1. 15 U.S.C. § 1681b(a) - Defendants were not permissible users because they had no authorization to use or furnish her credit information;

2. 15 U.S.C. § 1681e(a) - The credit reporting agencies failed to verify that Mid Florida and Airport Chrysler Dodge were permissible users or furnishers of Plaintiff's credit information;

3. 15 U.S.C. § 1681s-2(a) - Defendants Mid-Florida and Airport Chrysler Dodge provided inaccurate information to the credit bureaus;

4. 15 U.S.C. § 1681s-2(a)(7)(A)(i) - Defendants Mid-Florida and Airport Chrysler Dodge failed to provide notice to Plaintiff that they would use and furnish her credit information to the credit bureaus;

5. 15 U.S.C. § 1681s-2(a)(1)(B) - Defendants Mid-Florida and Airport Chrysler Dodge reported incorrect information to the credit bureaus even after Plaintiff notified them of the reporting errors;

6. 15 U.S.C. § 1681s-2(a)(8)(E), 15 U.S.C. § 1681s-2(b)(1), and 15 U.S.C. § 1681i(a)(1)(A) - All Defendants failed to conduct a responsible investigation into Plaintiff's disputes and failed to provide reasonable procedures to confirm that they were reporting accurate information;

7. 15 U.S.C. § 1681i(a)(5)(A) - The credit bureaus failed to properly handle inaccurate information; and

8. 15 U.S.C. § 1681i(a)(5)(B-C) - The credit bureaus failed to notify Plaintiff that they would reinsert information that had been previously deleted.

The FCRA does not provide a private right of action for violations of section 1681s-2(a). Green v. Capital One, No. 8:14-cv-1950-T-30MAP, 2014 WL 6882310, at *1 (M.D. Fla. Dec. 4, 2014) (citing Green v. RBS Nat. Bank, 288 F. App'x 641, 642 (11th Cir. 2008)).   Therefore, I respectfully recommend that the district judge dismiss Counts 3-5.   I respectfully recommend that the district judge also dismiss Count 6 in so far as it relies on section 1681s-2(a).   Plaintiff's other allegations meet the threshold of Rule 8 and I respectfully recommend that the district judge allow Plaintiff's case to move to the next stage in the proceedings.

### Recommendation

Upon due consideration, I respectfully recommend that the Court,

1. **CARRY** Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 2, 8);

2. **DISMISS** Defendant OK Carz LLC from this action;

3. **DISMISS** Counts 3-5, and the portions of Count 6 of the amended complaint that rely on section 1681s-2(a) for failure to state a cause of action;

4. **DISMISS** the amended complaint in its entirety, and **GRANT** Plaintiff 21 days within to further amend her complaint.

**RECOMMENDED** in Orlando, Florida on April 23, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Plaintiff, pro se

- 5 -