UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA M. GRAULAU,

    Plaintiff,

v.   Case No: 6:15-cv-446-Orl-18TBS

MID FLORIDA FINANCING, OK CARZ LLC, AIRPORT CHRYSLER DODGE JEEP DEALER, EQUIFAX and TRANS UNION,

    Defendants.

## ORDER

This case is before the Court on pro se Plaintiff Jessica M. Graulau's Motion to Determinate how to Proceed with Exhibits *in forma pauperis* (Doc. 17), and Motion to Enforce the Compliance with Court Orders *in forma pauperis* (Doc. 18).

Plaintiff alleges that between October 31, 2012 and November 14, 2013, she entered into three finance agreements with Defendant Airport Chrysler Dodge Jeep Dealer (Doc. 11 at 1-2). She also alleges that Mid Florida Financing reported that she was 30, 60, and one 120 days late on her credit report even though she never paid more than 30 days late on any of the contracts (Id. at 2). Plaintiff initiated a dispute with the credit bureau Defendants in an effort to get them to correct the inaccurate information but they simply deleted, and then reinserted, some of the information (Id.). She alleges that Mid Florida Financing and Airport Chrysler Dodge then reported additional negative information to the credit bureaus (Id.). Plaintiff complains that by virtue of these actions, all Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

When Plaintiff filed her original complaint, she also filed a motion for leave to proceed *in forma pauperis* (Doc. 3). After reviewing Plaintiff's complaint, I determined that it failed to state a cause of action (Doc. 6). Therefore, I carried the motion to proceed *in forma pauperis* and granted Plaintiff leave to amend (Id.).

Plaintiff filed a second motion for leave of Court to proceed *in forma pauperis* (Doc. 8), and an amended complaint (Doc. 11). After reviewing the amended complaint, I determined that Plaintiff had still not stated a cause of action. On April 23, 2015, I filed my Report and Recommendation that Plaintiff's amended complaint be dismissed, with further leave to amend (Doc. 12). The Court adopted my Report and Recommendation and dismissed the amended complaint in its entirety, with leave to amend on or before June 3, 2015 (Doc. 16). The Court also ordered Plaintiff to attach a copy of the exhibits to any further amended complaint which she filed (Id.). In the meantime, the Court continues to carry both *in forma pauperis* motions.

If I understand the motions now before the Court, Plaintiff's first concern is that she did not keep copies of the exhibits attached to her original complaint. This means she does not have copies to attach to an amended complaint. The problem is exacerbated because Plaintiff has limited resources with which to purchase copies of her exhibits from the Clerk. Now, she is asking the Court to determine how she should proceed. Plaintiff's second concern is that she faxed copies of the Related Case Order and Track Two Notice (Doc. 4), and Interested Persons Order for Civil Cases (Doc. 5) to Defendants, who have not responded. Consequently, she is asking the Court to enforce compliance with those two Orders.

Before addressing these issues, because Plaintiff is proceeding without a lawyer, the Court will take the opportunity to inform her of some, but not all, of the procedural rules with which she must comply. The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)"). Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Federal Rules are available for review at the United States Courts website at http://www.uscourts.gov/file/rules-civil-procedure. They are also available for review in most public law libraries and federal courthouses. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office.

Plaintiff has not, and should not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or motion, see FED. R. CIV. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with

the Court must include a caption (the same as is set forth in this Order); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear Plaintiff's original signature, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

All requests for relief from, or action by the Court must be in the form of a motion. See FED. R. CIV. P. 7(b). If Plaintiff seeks any relief from, or action by the Court, or seeks the entry of an order of any kind, she must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of

authorities in support of the relief requested.  See Local Rule 3.01(a).   However, the motion and memorandum cannot exceed twenty-five (25) pages in length. See id.

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel and unrepresented parties in a good faith attempt to resolve the issue.   Plaintiff must include a certification in her motions that she has complied with this requirement.   She must also notify the Court whether the parties agree on the relief requested in her motion.   Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is cautioned that she must abide by and comply with all orders of this Court.   Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by another party.   Plaintiff must timely respond to the motions filed by other parties in this case, for if she does not timely respond, the Court may assume that she does not oppose that motion and the relief requested therein.   If Plaintiff has missed a filing deadline, she must file a motion seeking leave of Court to file the document out of time.

Plaintiff is reminded that although she is proceeding *pro se*, she is not relieved of all of the obligations that rest upon an attorney.   There are still many requirements with which she must comply, including those imposed by the Rules and the Local Rules.   She is warned that the failure to comply with these requirements and obligations can have significant consequences.   For example, failure to respond to discovery requests as described in the rules may result in sanctions. See FED.R.CIV.P. 37.

While this Order sets forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

On the Court's website is a section which provides basic information to people who are proceeding without a lawyer in a civil case.   That information is located at https://www.flmd.uscourts.gov/pro_se/default.htm.   The Court encourages Plaintiff to review this information.

Finally, the Orange County Bar Association has a lawyer referral service.   Plaintiff may wish to contact the Bar Association to see whether any of its members may be able to assist her.

Returning to the issues raised in Plaintiff's motions.   If she does not have copies of the exhibits she left with the Clerk, then Plaintiff will have to obtain copies from the Clerk.

Defendants have probably not responded to Plaintiff's faxes, and this Court does not have jurisdiction to enforce the Orders in question, because Defendants have not been served with original process.   In order for the Court to acquire jurisdiction over Defendants they must be amendable to jurisdiction, and they must receive notice of the lawsuit through valid service of process.   Prewitt Enter., Inc. v. O.P.E.C., 353 F.3d 916, 925 n.14 (11th Cir. 2003) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir. 1983)).   "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Center, 896 F.2d 1313, 1317 (11th Cir. 1990).   Service must substantially

comply with the formal requirements of the Federal Rules of Civil Procedure.  Prewitt Enter., Inc., 353 F.3d at 925.

Federal Rule of Civil Procedure 4 discusses, among other things, what a summons must contain, how it is issued and served, and circumstances in which formal service of process can be waived.   The Rule also establishes a 120 day time limit to serve all Defendants.   Fed. R. Civ. P. 4(m).   Plaintiff is encouraged to read the Rule.

Now, Plaintiff's Motion to Determinate how to Proceed with Exhibits (Doc. 17), is **DENIED**.   The Court has not granted either of Plaintiff's motions to proceed *in forma pauperis* so she will need to purchase copies of her exhibits from the Clerk.

Plaintiff's Motion to Enforce the Compliance with Court Orders (Doc. 18), is also **DENIED** because it does not appear that the Court has jurisdiction over any of the Defendants.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Plaintiff, pro se