UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA M. GRAULAU,

    Plaintiff,

v.                                          Case No:   6:15-cv-446-Orl-18TBS

MID FLORIDA FINANCING, OK CARZ
LLC, AIRPORT CHRYSLER DODGE
JEEP DEALER, EQUIFAX and TRANS
UNION,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff Jessica M. Graulau's two motions for leave to proceed *in forma pauperis*. (Docs. 3, 8) and her motion for a further extension of time to file her second amended complaint (Doc. 22).   Upon due consideration I respectfully recommend that the Court terminate all pending motions and direct the Clerk to close the file.

### I. Background

Plaintiff filed this lawsuit and a motion to proceed *in forma pauperis* on March 17, 2015 (Docs. 1, 3).   Her complaint alleged that between October 31, 2012 and November 14, 2013 she entered into three finance agreements with Defendant Airport Chrysler Dodge Jeep Dealer (Doc. 1 at 1).   She complained that Defendant Mid Florida Financing stated in her credit report that she was 30, 60 and 120 days late making payments even though she was never more than 30 days late on any of the financing agreements (Id., at 2).   Plaintiff contacted Defendants Equifax and Trans Union in an effort to get them to correct the inaccurate information in her credit report but they simply

deleted, and then reinserted, some of the information (Id.). She alleged that Defendants Mid Florida Financing and Airport Chrysler Dodge proceeded to report additional negative information to the credit bureaus (Id.). Plaintiff claimed that by virtue of these actions, all Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. I reviewed Plaintiff's complaint and determined that it failed to state a claim because she had not alleged the provisions of the FCRA she contended Defendants had violated; she had not alleged the existence of a private right of action under the FCRA; and she had not alleged that Defendants' conduct constituted actionable offenses under the FCRA (Doc. 6). Accordingly, I carried Plaintiff's first motion to proceed *in forma pauperis* and gave her through April 15, 2015 to amend her complaint (Id.).

On April 1, 2015, Plaintiff filed a second motion for leave to proceed *in forma pauperis* (Doc. 8). I entered an Order carrying this motion and reminded Plaintiff that she had through April 15, 2015 within to amend her complaint (Doc. 10).

Plaintiff filed her amended complaint on April 10, 2015 (Doc. 11). After reading the amended complaint I submitted a report and recommendation recommending that Counts 3-5 and that part of Count 6 that relied upon 15 U.S.C. § 1681s-2(a) be dismissed for failure to state a cause of action (Doc. 12). I also recommended dismissal of the entire amended complaint because Plaintiff had failed to attach her exhibits (Id.). Finally, I recommend that the case against OK Carz LLC be dismissed because there were no averments against this Defendant (Id.). On May 13, 2015 the district judge approved and adopted my report and recommendations and dismissed Plaintiff's amended complaint with 21 days leave to file a second amended complaint

(Doc. 16).  This meant Plaintiff's second amended complaint was due no later than June 3, 2015.  In an Order entered on May 15, 2015, I reminded Plaintiff that she had through June 3, 2015 to further amend her complaint (Doc. 19).

On June 1, 2015, Defendant filed a motion which included a request for an extension of time to file her second amended complaint (Doc. 20 at 2).  The next day, I entered an Order stating that although Plaintiff had not shown good cause for an extension, that out of an abundance of caution, and because Plaintiff was pro se, the Court would grant her an additional 14 days, through June 17, 2015, to file her amended complaint (Doc. 21).

Plaintiff did not file her second amended complaint by the June 17, 2015 deadline. The next day, June 18, she filed a motion in which she acknowledged missing the deadline, and requested twelve additional days to file her second amended complaint (Doc. 22).  As grounds for a further extension Plaintiff said she had been conferring with the Defendants in a good faith effort to resolve her claims (Id., at 1).  She alleged that an agreement about which the Court has no information was reached, and that she needed to include this agreement in her second amended complaint (Id.).  Plaintiff also alleged that she was still trying to find a lawyer to represent her, and if she could not find a lawyer she was going to ask the Court to appoint one for her (Id.).

## II. Discussion

Because Plaintiff did not file her second amended complaint by midnight on June 17, 2015 the Court's May 13, 2015 Order dismissing this case without prejudice became a final, appealable order:

> In dismissing the complaint, the district court may also provide for a stated period within which the plaintiff may amend the complaint.  If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of

> the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment.

Schuurman v. Motor Vessel Betty KV, 798 F.2d 442, 445 (11th Cir. 1986).

In Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1132 (11th Cir. 1994), the Eleventh Circuit explained what it meant by "absent leave of court" in Schuurman:

> [T]he phrase "absent leave of court" simply means that once the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the final order unless the court grants an extension of time upon consideration of a motion filed *before* the expiration date has passed. If a request for an extension is submitted before the original expiration date has passed, and the court subsequently grants the extension, a new expiration date is created to replace the original one. When the new expiration date arrives (and no amendment is filed and no extension is requested), the order of dismissal becomes final on that date.

See also Bell v. Florida Highway Patrol, No. 6:05-cv-1806-Orl-31DAB, 2014 WL 542939, at *1 (M.D. Fla. Feb. 11, 2014) ("When a district court dismisses a complaint with leave to amend within a certain period, the dismissal order becomes final (and therefore appealable) at the end of the stated period."); Wilson v. Arizona Classic Auto, No. 09-80344-CIV, 2010 WL 1655811, at *1 (S.D. Fla. Apr. 23, 2010) (When plaintiff fails to file an extension of time prior to the deadline to amend, "the Court is powerless to continue to assert jurisdiction over this matter."). This is precisely the posture of the case. Consequently, although it is a harsh result, I believe the Court should find that its May 13, 2015 Order became final at 12:01 a.m. on June 18, 2015 and that it is powerless to grant Plaintiff the relief she is requesting.

### III. Recommendation

Now, I respectfully recommend that the Court **find** that its earlier Order of dismissal has become final, **direct** the Clerk to terminate all pending motions, and **close** the file.

- 4 -

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 23, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff pro se
    Counsel of Record